**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-80902-CIV-GAYLES**

**TEVIN DAMAR LAING**,

Plaintiff,

v.

**SERGEANT JOSEPH PYMMS**, *et al.*,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Tevin Damar Laing's *pro se* Amended civil rights Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 5]. Plaintiff, a pretrial detainee housed at West Detention Center in Belle Glade, Florida, seeks leave to proceed *in forma pauperis* ("IFP") [ECF Nos. 3, 6]. His Amended Complaint is therefore subject to screening under 28 U.S.C. § 1915A. For the following reasons, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. LEGAL STANDARD

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915A, courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(a)–(b); *see*

*also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). In addition, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to *sua sponte* dismiss a frivolous case. *See id.*; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties"). A pleading is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Courts must construe *pro se* pleadings liberally and hold them "to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, courts do not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## II. DISCUSSION

Before addressing the merits of the Amended Complaint, the Court ordered Plaintiff on August 3, 2026, to file an amended pleading after consolidating his four other pending civil rights Complaints that presented the same "set of operative facts and assert identical claims" as this matter, with the only material difference being the addition of different co-Defendants. [ECF No. 4 at 1]; *see also Laing v. Morris*, No. 9:26-cv-80904-DPG; *Laing v. Kinsey*, No. 9:26-cv-80905-DPG; *Laing v. McClain*, No. 9:26-cv-80906-DPG; *Laing v. Bradshaw*, No. 9:26-cv-80907-DPG; *Laing v. Bradshaw*, No. 9:26-cv-81111-DPG. The Court directed Plaintiff to file an Amended Complaint on or before August 21, 2026, naming all Defendants identified in the member cases. [ECF No. 4 ¶ 3]. Plaintiff complied with the directive and filed an Amended Complaint naming all five co-Defendants in a single pleading and asserting the same operative facts and claims underlying the member cases. *See* [ECF No. 5 at 1].

From the Court's best understanding of the Amended Complaint, Plaintiff brings this action against four correctional officers and the Sheriff of the Palm Beach County Sheriff's Office[1] for alleged constitutional violations while he was a pretrial detainee at the Palm Beach County Jail in August 2025.[2] *See id.* at 3. Without naming the Defendants in the body of the Amended Complaint, Plaintiff alleges that correctional officers, male and female, violated his right to privacy by observing him and other inmates while they used the showers and toilets. *See id.* Plaintiff further alleges that the jail maintains a "policy" prohibiting inmates from "using anything such as a sheet or any other items to cover" themselves while in the bathroom stalls. *Id.* Without anything to conceal himself, Plaintiff feels exposed by "other inmates, staff, or the cameras." *Id.*

Plaintiff explains that inmates housed in another dormitory at the Palm Beach County Jail have doors for privacy while they use the bathroom stalls. *Id.* He contends that the lack of covering in his dormitory constitutes discriminatory treatment in violation of his Fourteenth Amendment due process rights. *Id.* Lastly, Plaintiff alleges that officers threaten inmates whenever they attempt to cover themselves while in the bathroom stalls or showers. *See id.* Plaintiff appears to request that the Court find this policy in violation of his privacy rights and the Prison Rape Elimination Act of 2003, 117 U.S.C. § 972. *Id.*

Upon careful review, the Court finds that the Amended Complaint must be dismissed as an improper shotgun pleading. "Shotgun" pleadings are complaints that violate either Federal Rule of Civil Procedure 8(a)(2), 10(b), or both. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Each

---

[1] Plaintiff erroneously identifies this Defendant as the Sheriff of Palm Beach Sheriff's Office. [ECF No. 1 at 1]. The Sheriff's correct title is stated above.

[2] The Court also notes a second case involving another detainee at the West Detention Center who filed multiple § 1983 civil rights complaints asserting nearly identical claims raised here. *See Lozano v. Palm Beach Sheriff's Off.*, Nos. 26-cv-80935-MD; 26-cv-80936-MD; 26-cv-80937-MD. The complaints in each case raise the same allegations, differing only in the addition of a co-defendant.

allegation in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Under Rule 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also Reeves v. Wilbanks*, 542 F. App'x 742, 747 (11th Cir. 2013) (per curiam) ("[*P*]*ro se* litigants are still required to follow the rules of civil procedure." (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))). By its nature, shotgun pleadings are "cumbersome, confusing complaints that do not comply with these pleading requirements." *Yeyille v. Miami Dade Cnty. Pub. Sch*., 643 F. App'x 882, 884 (11th Cir. 2016) (per curiam).

The *Weiland* court identified four types of shotgun pleadings: (1) a "complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each claim into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." 792 F.3d at 1321–23. In general, shotgun pleadings fail to give the defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

The Amended Complaint falls primarily within the second and third categories of shotgun pleadings. Although only a single page repeated four times, the Amended Complaint contains no causes of action or numbered paragraphs and instead sets forth a series of disjointed, conclusory assertions that fail to explain how any of the named Defendants personally participated in the alleged unconstitutional conduct. Rather than presenting claims in separate, clearly delineated paragraphs, each limited to a single set of circumstances, the pleading relies on an unstructured narrative that makes it difficult to discern the factual basis for each claim and the specific conduct

attributable to each Defendant. *See* [ECF No. 5 at 3]; Fed. R. Civ. P. 10(b); *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (per curiam) (describing a shotgun pleading as a complaint "composed of long, rambling paragraphs and conclusory statements unsupported by factual allegations.").

Furthermore, Plaintiff fails to separate each alleged constitutional deprivation into a distinct count against the appropriate Defendant or Defendants. Nor does he incorporate the relevant supporting factual allegations into separately identified counts. This pleading therefore makes it "impossible for . . . the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). Because Plaintiff's Amended Complaint is an impermissible shotgun pleading that fails to give Defendants enough clarity to adequately respond, *see Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), "repleader is necessary and the Court need not delve into the merits of the claims at this juncture[,]" *Boardwalk Fresh Burgers & Fries, Inc. v. Wang*, No. 8:19-CV-2527-T-33CPT, 2020 WL 10319160, at *2 (M.D. Fla. Nov. 9, 2020) (citation omitted).

## III. LEAVE TO AMEND

Plaintiff's Second Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases. *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."), *overruled on other grounds by Iqbal*, 556 U.S. 662. Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out her claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *See GJR Invs.*, 132 F.3d at 1367.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. The Amended Complaint [ECF No. 5] is **DISMISSED WITHOUT PREJUDICE**.
2. **On or before October 28, 2026**, Plaintiff shall file a Second Amended Complaint that cures the defects identified in this Order. The Second Amended Complaint must show **Case No. 9:26-cv-80902-DPG** so that it will be filed in this case. Failure to comply with the Court's instructions may result in the dismissal of this case with prejudice.
3. The Clerk is **DIRECTED** to mail Plaintiff the form for prisoner complaints under 42 U.S.C. § 1983, **CLOSE** this matter for administrative and statistical purposes only, and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Tevin Damar Laing
0517889
West Detention Center
Inmate Mail/Parcels
P.O. Box 1450
Belle Glade, FL 33430
PRO SE